UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

CASE NO.: 2:25-cv-17902-MEF-CF

MINDY NICOLE YOUNG and KRISTINA YASHCHENKO,

Plaintiffs,

v.

BLOOMIN' BABY LLC and G MASON GROUP, LLC,

Defendants.

**DEFENDANTS' ANSWER TO COMPLAINT**
(JURY TRIAL DEMAND)

Defendants Bloomin' Baby LLC and G Mason Group, LLC ("Defendants"), through their undersigned attorneys, hereby answer Plaintiffs Mindy Nicole Young and Kristina Yashchenko's ("Plaintiffs") Complaint as follows:

**SUMMARY OF THE ACTION**

1. In response to paragraph 1 of the Complaint, Defendants admit that Plaintiff's claims are based on alleged violations of the Copyright Act but deny the merits of such claims.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 2 of the Complaint and, therefore, deny the same.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 3 of the Complaint and, therefore, deny the same.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 4 of the Complaint and, therefore, deny the same.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 5 of the Complaint and, therefore, deny the same.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 6 of the Complaint and, therefore, deny the same.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 7 of the Complaint and, therefore, deny the same.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 8 of the Complaint and, therefore, deny the same.

9. In response to paragraph 9 of the Complaint, Defendants admit that Mindy Nicole Young and Kristina Yashchenko are collectively referred to as "Plaintiffs" for purposes of this action, but deny that they are properly joined as plaintiffs.

10. In response to paragraph 10 of the Complaint, deny the allegations contained therein, but admit that Bloomin' Baby LLC is a limited liability company that has imported baby clothing.

11. In response to paragraph 11 of the Complaint, Defendants deny the allegations contained therein, but admit that G Mason Group, LLC is a limited liability company that has imported consumer products.

12. In response to paragraph 12 of the Complaint, Defendants admit that Bloomin' Baby LLC and G Mason Group, LLC are collectively referred to as "Defendants" for purposes of this action.

13. In response to paragraph 13 of the Complaint, Defendants deny the allegations contained therein.

14. In response to paragraph 14 of the Complaint, Defendants deny the allegations contained therein.

## JURISDICTION AND VENUE

15. In response to paragraph 15 of the Complaint, Defendants admit that Plaintiffs purport to assert claims arising under the Copyright Act, 17 U.S.C. § 501, but deny the merits of such claims.

16. In response to paragraph 16 of the Complaint, Defendants admit the allegations of the Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and deny the merits of such claims.

17. In response to paragraph 17 of the Complaint, Defendants admit for the purposes of this action that they are subject to personal jurisdiction in New Jersey.

18. In response to paragraph 18 of the Complaint, Defendants admit for the purposes of this action that venue is proper in this district, but deny that they have committed any acts of infringement.

## DEFENDANT

19. In response to paragraph 19 of the Complaint, Defendants deny the allegations contained therein except that they admit that G Mason Group, LLC is a limited liability company organized under the laws of its state of formation with a principal place of business in New York, New York.

20. In response to paragraph 20 of the Complaint, Defendants deny the allegations contained therein except that they admit that Bloomin' Baby LLC is a limited liability company organized under the laws of its state of formation with a principal place of business in New York, New York.

## THE COPYRIGHTED WORKS AT ISSUE

21. In response to paragraph 21 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same, and further state that they are without knowledge or information sufficient to form a belief as to whether the copies of the purported "Works" attached as Exhibit 1 are true and correct copies of the deposit material submitted to the

U.S. Copyright Office in connection with Plaintiffs' purported copyright registrations, or whether the Registration Certificates attached as Exhibit 2 are valid and enforceable.

22. In response to paragraph 22 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

## INFRINGEMENT BY DEFENDANTS

23. In response to paragraph 23 of the Complaint, Defendants deny the allegations contained therein.

24. In response to paragraph 24 of the Complaint, Defendants deny the allegations contained therein.

25. In response to paragraph 25 of the Complaint, Defendants deny the allegations contained therein.

26. In response to paragraph 26 of the Complaint, Defendants deny the allegations contained therein.

27. In response to paragraph 27 of the Complaint, Defendants deny the allegations contained therein.

28. In response to paragraph 28 of the Complaint, Defendants deny the allegations contained therein.

29. In response to paragraph 29 of the Complaint, Defendants deny the allegations contained therein, and further state that the documents referenced therein speak for themselves and fail to show infringement.

30. In response to paragraph 30 of the Complaint, Defendants deny the allegations contained therein.

31. In response to paragraph 31 of the Complaint, Defendants admit that the parties have been unable to resolve this matter to date, but otherwise the remaining allegations contained therein.

## COUNT I

## COPYRIGHT INFRINGEMENT

32. In response to paragraph 32 of the Complaint, Defendants restate and incorporate by reference their responses to paragraphs 1 through 31 above, as if fully set forth herein.

33. In response to paragraph 33 of the Complaint, Defendants deny the allegations contained therein.

34. In response to paragraph 34 of the Complaint, Defendants deny the allegations contained therein.

35. In response to paragraph 35 of the Complaint, Defendants deny the allegations contained therein.

36. In response to paragraph 36 of the Complaint, Defendants deny the allegations contained therein.

37. In response to paragraph 37 of the Complaint, Defendants deny the allegations contained therein.

38. In response to paragraph 38 of the Complaint, Defendants deny the allegations contained therein.

39. In response to paragraph 39 of the Complaint, Defendants deny the allegations contained therein.

Defendants deny that Plaintiffs are entitled to any of the relief sought in the WHEREFORE clause of the Complaint.

## AFFIRMATIVE DEFENSES

By and for their affirmative defenses, Defendants Bloomin' Baby LLC and G Mason Group, LLC state as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and the claims for relief therein, fail to allege facts sufficient to state a claim for relief against Defendants, including, but not limited to, failure to meet the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

### SECOND AFFIRMATIVE DEFENSE

Defendants are informed and believe, and on that basis allege, that the Complaint, and the purported claims for relief contained therein, are barred (in whole or in part) by Plaintiffs' fraud and/or misrepresentation in the copyright registration process, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs' claims are barred (in whole or in part) because of Plaintiffs' anti-competitive intent and conduct, misuse of copyright, and abuse of the judicial process, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred (in whole or in part) by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred (in whole or in part) by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred (in whole or in part) by the doctrine of release, waiver, and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred (in whole or in part) by the doctrine of acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations, including 17 U.S.C. § 507.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs have failed to assert ownership of and identify valid copyrights.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' purported copyrights and/or copyright registrations are invalid, void, and unenforceable. Among other things, Defendants contend that a reasonable opportunity for further investigation or discovery is likely to provide evidentiary support for one or more of the following:
(a) the registrations are compilation or collection registrations containing material that is not original and/or protectable as a matter of law;
(b) the registrations contain material originally developed by persons or entities other than Plaintiffs; and/or
(c) the registrations contain material found in the public domain.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring the claims asserted in the Complaint because, among other things, Plaintiffs are not the owners of the Works.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the Works are not original works of authorship and thus not entitled to copyright protection.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants cannot be liable because Defendants' products are not substantially similar in protectable expression to the Works.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs may be entitled to any copyright protection in the Works, such protection is extremely thin, and Plaintiffs cannot establish infringement under the principles governing thin copyrights.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Defendants infringed any copyright interest purportedly held by Plaintiffs relating to the Works, which is denied, Defendants did so with innocent intent.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred (in whole or in part) by Plaintiffs' failure to mitigate damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have not sustained any injury or damage as a result of any act or conduct of Defendants with respect to the Works.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs' claims are barred because Plaintiffs failed to join indispensable parties, including without limitation others claiming ownership of or other interests in the purported copyrights in the Works.

### NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs' claims are barred by the doctrine of consent and/or implied license.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by the scènes à faire and/or merger doctrine.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each of the causes of action therein are improperly joined under Federal Rule of Civil Procedure 20.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred on the grounds that the allegedly infringing works were independently created.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants reserve the right to allege additional affirmative defenses as they may become known, and to amend this Answer accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Bloomin' Baby LLC and G Mason Group, LLC pray for judgment

as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing by virtue thereof;

2. That judgment be entered in favor of Defendants and against Plaintiffs;

3. That Defendants be awarded their costs of suit and reasonable attorneys' fees incurred herein;

4. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury on all issues so triable.

Dated: February 9, 2026

By: /s/ Gaston Kroub

Gaston Kroub
N.J. Bar No. 03098-2001
305 Broadway 7th Floor,
New York, NY 10007
gaston@k2k.law
917.702.9135

**K2K IP Law**
*Attorneys for Defendants*